UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON
Civil Action No.: _____

**REGINALD TAYLOR**                                                         **PLAINTIFF**

**VS.**                                        **COMPLAINT**

**LEXINGTON-FAYETTE URBAN**                           **DEFENDANTS**
**COUNTY GOVERNMENT**
<u>Serve</u>:
**Leslie Bowman-Agent &**
**Jim Newberry-Agent**
**200 East Main Street**
**Lexington, KY 40507**

**LEXINGTON-FAYETTE URBAN COUNTY**
**GOVERNMENT DETENTION CENTER CORPORATION**
<u>Serve</u>:
**Jim Newberry, Agent**
**LFCUG Dept. of Finance**
**200 East Main Street-Switow Bldg.**
**Lexington, KY 40507**

**LEXINGTON-FAYETTE URBAN COUNTY GOVERNMENT**
**COMMUNITY CORRECTIONS DIVISION**
<u>Serve</u>:
**Jim Newberry, Mayor and Agent**
**200 East Main Street-Switow Bldg.**
**Lexington, KY 40507**

\* \* \* \* \* \* \* \* \*

Plaintiff, by counsel, makes the following federal Complaint:

## JURISDICTION AND VENUE:

1. Jurisdiction is proper per federal law, including, but not limited to, 28 U.S.C. §1332(a) and §1331 and §1367: the suit raises a question of federal law and the state and federal law claims arise out of a common nucleus of operative fact. See also Plaintiff's Right to Sue Notice attached hereto as "Exhibit A."

2. Venue is proper per federal law, including, but not limited to, 28 U.S.C. §1391(a)(2) and 28 U.S.C. §1391(a)(3), claims' facts occurring in Fayette County, Kentucky.

3. Actions, as set forth in this Complaint, arise under Kentucky and federal law, including actions under the Kentucky Civil Rights Act and Americans with Disabilities Act.

4. Plaintiff is a resident of Winchester, Clark County, Kentucky.

5. Defendants, each and collectively, are residents of Lexington, Fayette County, Kentucky and employed Plaintiff as a corrections officer in Lexington, Fayette County, Kentucky by and through the Lexington-Fayette Urban County Government.

## FACTUAL OVERVIEW:

6. This entire "Factual Overview" and document is incorporated into each and every provision, part, and Count of this document by reference as if the same were fully stated therein.

7. On or about October, 2006, Plaintiff suffered a severe stroke as well as diabetic disease and high blood pressure while employed as a correction officer for Defendants in Lexington, Kentucky.

8. After said time, Plaintiff worked in a different position for Defendants, namely telephone attendant, for approximately one year.

9. About the expiration of said year, Plaintiff requested to work in the same position further, and/or other positions, and as an accommodation for Plaintiff's disability, namely the stroke, diabetic, and high blood pressure individual and collective disability condition, Plaintiff's condition which individually and collectively constituted a disability as that term is defined under state and federal law.

10. Defendants refused to accommodate Plaintiff, and further retaliated against Plaintiff because Plaintiff requested a disability accommodation, Plaintiff believing in good faith that he was disabled under state and federal law.

11. Defendants caused Plaintiff a hostile work environment, treating Plaintiff in a derogatory manner.

    a. Defendants improperly rebuffed Plaintiff's requests for accommodation, refusing to process Plaintiff's requests, and constituting retaliation by Defendants against Plaintiff.

    b. Defendants then later then blatantly ignored Plaintiff's requests for accommodation, constituting retaliation by Defendants against Plaintiff.

    c. Defendants also fired Plaintiff, constituting retaliation by Defendants against Plaintiff.

12. Plaintiff had a disability and was disabled as that term is defined under the Kentucky Civil Rights Act and Americans with Disabilities Act.

13.     Plaintiff was retaliated against under the Kentucky Civil Rights Act and Americans with Disabilities Act.

### STATEMENT OF COUNTS

**COUNT #1:  Disability Discrimination under the KCRA**

14.     Each Defendant's conduct, as set forth hereinabove, constitutes illegal disability discrimination under the Kentucky Civil Rights Act, (KCRA), K.R.S. 344.010, et. seq. and K.R.S. 344.040.

15.     Plaintiff had a disability within the meaning of the KCRA.

16.     Plaintiff was a qualified individual.

17.     Plaintiff informed Defendants of the need for an accommodation due to a disability.

18.     Defendants could have made a reasonable accommodation that would have enabled Plaintiff to perform, including giving Plaintiff a vacant position for which Plaintiff was qualified and/or including Plaintiff's then-current telephone-attendant position for which Plaintiff was qualified, which Defendants did not do.

**COUNT #2:  Disability Discrimination under the ADA**

19.     Each Defendant's conduct, as set forth hereinabove, constitutes illegal disability discrimination under the Americans with Disabilities Act, including 42 U.S.C.

§12101, et. seq., including 42 U.S.C. §12112.

20. Plaintiff had a disability within the meaning of the ADA.

21. Plaintiff was a qualified individual.

22. Plaintiff informed Defendants of the need for an accommodation due to a disability.

23. Defendants could have made a reasonable accommodation that would have enabled Plaintiff to perform, including giving Plaintiff a vacant position for which Plaintiff was qualified and/or including Plaintiff's then-current telephone-attendant position for which Plaintiff was qualified, which Defendants did not do.

## COUNT #3: Retaliation under the KCRA

24. Each Defendant's conduct constitutes unlawful intentional retaliation under the Kentucky Civil Rights Act, (KCRA), K.R.S. 344.010, et. seq., including K.R.S. 344.040.

25. Plaintiff was engaged in statutorily protected activity, including effectively voicing opposition to disability discrimination and filing an EEOC charge with the Equal Employment Opportunity Commission.

26. Plaintiff was actually and/or constructively discharged, and there was a causal connection to Plaintiff's protected activity, Plaintiff's protected activity being but-for and/or a substantial, motivating factor.

27. Plaintiff also suffered a hostile work environment which constitutes a material adverse employment action taken against Plaintiff, affecting the terms and conditions of Plaintiff's employment, and which was causally connected to Plaintiff's

protected activity, Plaintiff's protected activity being but-for and/or a substantial, motivating factor.

28. Plaintiff engaged in statutorily protected conduct of requesting accommodation for Plaintiff's disability under the Kentucky Civil Rights Act and applicable law.

29. Plaintiff effectively opposed disability discrimination under the Kentucky Civil Rights Act and applicable law.

30. Plaintiff suffered intentional adverse action by Defendants, and there was a causal connection between Plaintiff's engagement of the statutorily protected conduct and Defendants' unlawful intentional adverse action.

## COUNT #4: Retaliation under the ADA

31. Each Defendant's conduct, as set forth hereinabove, constitutes illegal retaliation under the ADA and including 42 U.S.C. §12203(a).

32. Plaintiff was engaged in statutorily protected activity, including effectively voicing opposition to disability discrimination and filing an EEOC charge with the Equal Employment Opportunity Commission.

33. Plaintiff was actually and/or constructively discharged, and there was a causal connection to Plaintiff's protected activity, Plaintiff's protected activity being but-for and/or a substantial, motivating factor.

34. Plaintiff also suffered a hostile work environment which constitutes a material adverse employment action taken against him, affecting the terms and conditions

of his employment, and which was causally connected to Plaintiff's protected activity, Plaintiff's protected activity being but-for and/or a substantial, motivating factor.

35. Plaintiff engaged in statutorily protected conduct of requesting accommodation for Plaintiff's disability under the Kentucky Civil Rights Act and applicable law.

36. Plaintiff effectively opposed disability discrimination under the Kentucky Civil Rights Act and applicable law.

37. Plaintiff suffered intentional adverse action by Defendants, and there was a causal connection between Plaintiff's engagement of the statutorily protected conduct and Defendants' unlawful intentional adverse action.

**PRAYER FOR RELIEF**

WHEREFORE,

Plaintiff respectfully requests the following:

1. For a trial by JURY;
2. For damages including past and future medical bills, pain and suffering, emotional distress, and bodily injury which he has suffered and will continue to suffer in the future;
3. For punitive damages under the Americans With Disabilities Act;
4. For attorney fees and costs; and
5. For all other relief to which Plaintiff appears entitled.

/s/ Leslie Dean
**Leslie Dean, Attorney at Law, PSC**
**One Eagle View Plaza**
**3288 Eagle View Lane, Suite 300**
**Lexington, Kentucky 40509**
**Telephone: (859) 296-4575**
**Facsimile: (859) 296-4577**
**Email: ldean@LeslieDean.com**
ATTORNEY FOR PLAINTIFF